UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IGOR YEVSTIFEEV,
SVIATLANA HARNIZONAVA,

                        Plaintiffs,

                                                              <u>DECISION AND ORDER</u>

                                                              08-CV-6476L

            v.

BRAD STEVE, individually and as
Town of Brighton Police Officer,
ROBERT FISHER, individually and as
a Town of Brighton Police Officer,
FRANK SCARCELLI, individually and as
a Town of Brighton Court Reporter,
TOWN OF BRIGHTON,
TOWN OF BRIGHTON POLICE DEPARTMENT,
THOMAS VOELKL, Town of Brighton
Police Chief,
TOWN OF BRIGHTON COURT,

                        Defendant.
_____

## **INTRODUCTION**

Plaintiffs Igor Yevstifeev ("Yevstifeev") and his wife, Sviatlana Harnizonava (collectively "plaintiffs"), proceeding *pro se*, bring this action against The Town of Brighton Police Department, its police chief, two police officers, the Brighton Town Court, and court reporter Frank Scarcelli ("Scarcelli"), pursuant to 42 U.S.C. §1983 ("Section 1983"). In brief, plaintiffs allege that the defendants unlawfully arrested and tried him for driving while intoxicated and other offenses, in

violation of their First, Fourth, Fifth, Sixth and Fourteenth Amendment constitutional rights, and that defendants thereafter conspired to cover up their misconduct. With reference to Scarcelli, plaintiff alleges that Scarcelli supplied him with "heavily altered transcripts" of plaintiff's probable cause hearing and trial, delayed production of the transcripts to the point where judicial intervention was needed to force Scarcelli to produce them in time for plaintiff's appeal, and that Scarcelli thereby permitted himself to be "used" by the Town of Brighton as part of its cover-up.

Plaintiffs commenced this action on October 21, 2008. (Dkt. #1). Defendant Scarcelli now moves, pursuant to Fed. R. Civ. Proc. 12(c), to dismiss the claims against him (Dkt. #20). For the reasons set forth below, Scarcelli's motion to dismiss is granted, and plaintiff's claims against him are dismissed in their entirety.

## DISCUSSION

**I.   Scarcelli's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(c)**

"In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6). Under that test, a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### A. Plaintiff Has Not Alleged That Scarcelli is a State Actor.

"[I]n order to state a claim under Section 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and that such violation was committed by a person under the color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996). Thus, a private individual, lacking the mantle of the state's authority, is not subject to liability under Section 1983. *See American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999).

Here, plaintiff alleges that the Scarcelli violated his constitutional rights by supplying transcripts of the plaintiff's probable cause hearing and subsequent trial that were extremely delayed – five months and eleven months after those proceedings, respectively, and which were "heavily altered." Plaintiff does not allege that Scarcelli is a state actor, or that he is employed by the New York Unified Court System, nor does plaintiff allege any basis upon which Scarcelli's conduct may be "fairly attributable to the State." *Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). As Mr. Scarcelli asserts, and as reflected in correspondence filed by plaintiff (Dkt. #5, letter from the Town defendants' counsel explaining why he did not represent Mr. Scarcelli), Scarcelli is in fact a freelance court reporter working in Brighton Town Court, and is not employed by the Town of Brighton or the New York Unified Court System.

Furthermore, even if plaintiff had properly alleged that Scarcelli was a state actor, plaintiff has failed to allege a due process claim arising out of the allegedly deficient transcripts. New York law provides a specific procedure whereby appellants may attempt to resolve alleged inaccuracies in a transcript. *See* N.Y. Crim. Proc. Law §460.70; N.Y. C.P.L.R. 5525. Federal district courts in this Circuit have consistently held that those procedures satisfy the requirements of due process. *See*

*Shire v. Costello*, 2008 U.S. Dist. LEXIS 43300 (N.D.N.Y. 2008); *Molina v. Kaye*, 956 F. Supp. 261, 264 (E.D.N.Y. 1997); *Curro v. Watson*, 884 F. Supp. 708, 718 (E.D.N.Y. 1995), *aff'd*, 100 F.3d 942 (2d Cir. 1996); *Burrell v. Swartz*, 558 F. Supp. 91, 92 (S.D.N.Y. 1982). Plaintiff makes no allegation that he attempted to pursue his state remedies to challenge and settle the transcripts of his hearing and/or trial, nor does he allege that the process is insufficient to afford due process, or that he was in any way prevented from taking advantage of it. Because the available procedural remedies met the requirements of due process and the plaintiff declined to avail himself of them, he is foreclosed from asserting a due process violation for the underlying conduct now. *See Segal v. City of New York*, 459 F.3d 207 at 218 n. 10 ("where, as here, the plaintiff had available *adequate* process, [plaintiff] cannot be said to have been 'deprived of due process simply because [plaintiff] failed to avail [him]self of the opportunity'"), *quoting Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1966) (emphasis in original).

## CONCLUSION

For the foregoing reasons, defendant Frank Scarcelli's motion to dismiss (Dkt. #20) is granted. Plaintiff's claims against Frank Scarcelli are hereby dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 12, 2010.